

# HILL RIVKINS LLP

45 Broadway, Suite 2110, New York, NY 10006-3776
Tel: 212 669-0600   Fax: 212 669-0698
e-mail: thefirm@hillrivkins.com
Website: www.hillrivkins.com

JUSTIN M. HEILIG
Direct: (212) 669-0644
jheilig@hillrivkins.com

**MEMO ENDORSED**

May 17, 2024

**Via CM/ECF System**

The Honorable Dale E. Ho
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 905
New York, NY 10007

> Re: **Motion to Adjourn Initial Pretrial Conference Sine Die**
> *Taian Insurance Co., Ltd. v. Bondex Logistics Co., Ltd.*
> SDNY Case No. 24-cv-2650 (DEH)
> Our Ref 35569
> ------------------------------------------------------------------------

Dear Judge Ho:

We represent Plaintiff Taian Insurance Co., Ltd. ("Taian") in the above-referenced action. Pursuant to section 2(e) of Your Honor's Individual Rules & Practices, we write to respectfully request that the initial pretrial conference currently scheduled for May 29, 2024 at 3:30 p.m. be adjourned *sine die* based on the failure of Defendant Bondex Logistics Co., Ltd. ("Bondex") to appear and defend this action. This is the first such adjournment request. As discussed more fully below, the Clerk of the Court has entered a Certificate of Default against Defendant Bondex (ECF #10). Accordingly, Plaintiff Taian intends to move for a default judgment in due course.

In lieu of the joint letter required by the Court's April 10, 2024 Order (ECF #6), we also write to provide additional information about the nature of this matter without input from Bondex.

This subrogation action concerns certain containerized shipments of Vizio LCD TVs that were transported in part by ocean carriage from Vietnam to Dallas, Texas in April-May 2023 under multimodal or "through" bills of lading issued by Bondex, a foreign non-vessel-

NEW JERSEY
The Bentley Building | 98 Craig Road
Manalapan, NJ 07726
Tel: 732 838-0300   Fax: 732 316-2365

TEXAS
1000 N. Post Oak Rd., Suite 220
Houston, Texas 77055
Tel: 713 222-1515   Fax: 713 222-1359

The Honorable Dale E. Ho
May 17, 2024
Page Two

operating common carrier ("NVOCC") registered with the Federal Maritime Commission ("FMC"). Plaintiff Taian alleges that the shipments arrived at their destination with shortages and that Bondex is liable for the losses. *See Prima US Inc. v. Panalpina, Inc.*, 223 F.3d 126, 129 (2d Cir. 2000) ("If anything happens to the goods during the voyage the NVOCC is liable to the shipper because of the bill of lading that it issued."). Plaintiff Taian insured the cargoes and paid the claim submitted by its assured, thereby becoming subrogated to its rights of recovery against Bondex.

Plaintiff Taian asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333 in that this action is comprised of maritime and admiralty claims brought under multimodal bills of lading. *See Norfolk S. Ry. Co. v. James N. Kirby, Pty Ltd.*, 543 U.S. 14 (2004). Plaintiff also asserts that venue is proper pursuant to the SDNY forum-selection clause in those bills of lading and the tariff that Bondex is obligated to publish and make publicly available as an NVOCC under federal statute and FMC regulations. *See* 46 U.S.C. § 40501 & 46 C.F.R. § 520.3. Such clauses are presumptively valid and enforceable. *See, e.g., AIG Europe S.A. v. Franco Vago Int'l, Inc.*, 756 F. Supp. 2d 369, 376-77 (S.D.N.Y. 2010). Moreover, a forum-selection clause operates as consent to personal jurisdiction. *See, e.g., Laufer Group Int'l v. Tamarack Indus., LLC*, 599 F. Supp. 2d 528, 530 (S.D.N.Y. 2009).

Pursuant to 46 U.S.C. § 40902(d), foreign ocean transportation intermediaries (an umbrella category defined by 46 U.S.C. § 40102 to include NVOCCs) are required to designate a legal agent in the U.S. for the receipt of judicial and administrative process. Plaintiff Taian affected service of the summons and complaint in this action on Bondex's legal agent, Distribution-Publications, Inc. ("DPI") on April 12, 2024.[1] *See* ECF #7. Bondex was therefore required under Rule 12 to answer or otherwise respond to the complaint by May 3, 2024. However, Bondex has failed to appear in this action.

The Clerk of the Court entered a Certificate of Default against Bondex on May 16, 2024. *See* ECF #10. As stated above, Plaintiff Taian intends to move for a default judgment against Bondex pursuant to Rule 55(b) and is preparing the submissions required by section 4(h) of Your Honor's Individual Rules & Practices.

Accordingly, we respectfully request that the initial pretrial conference currently scheduled for May 29, 2024 be adjourned *sine die*.

---

[1] DPI also maintains and publishes Bondex's NVOCC tariff according to the FMC's records, which are publicly available at: https://www2.fmc.gov/FMC1Users/scripts/ExtReports.asp?tariffClass=oti.



The Honorable Dale E. Ho
May 17, 2024
Page Three

      We thank the Court for its attention to the foregoing request and stand ready to answer any questions that the Court may have with respect to this action.

                        Respectfully submitted,
                        HILL RIVKINS LLP

                        Justin M. Heilig

Application **GRANTED**.  The initial pretrial conference is **ADJOURNED** from May 29, 2024, to J**une 26, 2024, at 3:30 P.M. EST.**  The parties shall join the conference by dialing (646) 453 - 4442 and entering the conference ID: 874 393 008, followed by the pound sign (#).  If Defendant appears, the parties shall file the required joint status letter and proposed case management plan by **June 12, 2024.**  If Defendant does not appear, Plaintiff shall move for a default judgment by **June 12, 2024.**  In addition to the materials described in the Court's Individual Rules, Plaintiff shall include a description of its efforts to provide actual notice to Defendant of this lawsuit in its motion for a default judgment.  Plaintiff shall serve this order on Defendant via Federal Express and file proof of service by **May 21, 2024**.  So Ordered.

Dale E. Ho
United States District Judge
Dated: May 20, 2024
New York, New York

